IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES A. LARRY,<br>    Plaintiff,<br><br>v.<br><br>MINDI NURSE, *et al.*,<br>    Defendants. | Case No. 1:25-cv-01005-JEH |

### Order

Plaintiff James Larry, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging an Eighth Amendment conditions-of-confinement claim against Defendant Mindi Nurse based on the allegedly contaminated drinking water at Pontiac Correctional Center ("Pontiac") and an Eighth Amendment claim against Defendant Jade Sullivan based on her alleged deliberate indifference to Plaintiff's medical conditions caused by the contaminated drinking water. (Docs. 1 and 8). This matter is now before the Court on Plaintiff's Motions requesting entry of a default judgment against Defendants (Docs. 23, 26, and 27) and Plaintiff's Motion for Issuance of Subpoenas (Doc. 24). For the reasons stated below, Plaintiff's Motions are DENIED.

**I**

On July 15, 2025, Plaintiff filed a Motion to Enter a Default stating that he had not received a copy of his medical records from defense counsel. (Doc. 23). Plaintiff's Motion was premature, however, as the deadline for Defendants to provide him with a copy of his records was not until July 18, 2025. (d/e 6/4/2025).

On July 22, 2025, Defendants filed a Notice of Compliance stating that defense counsel served Plaintiff with a copy of his medical records on July 21, 2025, and apologized for the three-day delay. (Doc. 25).

On July 25, 2025, Plaintiff filed a Motion Pursuant to Rule 37 and a Motion Regarding Default stating that he did not receive an authorization to release medical records or a copy of his medical records from defense counsel. (Docs. 26 and 27). Defendants filed a Response in opposition stating that they served Plaintiff with a copy of his medical records on July 21, 2025. (Doc. 28).

Although Defendants failed to comply with the deadline of July 18, 2025, a three-day delay is not a meritorious basis for entering a default judgment under Federal Rule of Civil Procedure 55(a). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Defendants filed their Answer and Affirmative Defenses to Plaintiff's Complaint on June 2, 2025. (Doc. 17). Entry of default judgment is also unwarranted under Federal Rule of Civil Procedure 37. Default judgment is an extreme remedy and is unwarranted based on a three-day delay to provide discovery materials. Plaintiff's Motions are DENIED. If Plaintiff has not received a copy of his medical records, he may file a Motion to Compel.

## II

Plaintiff also filed a Motion for Issuance of Subpoenas requesting subpoenas for (1) Ms. Flammen, the MHP for #7 gallery at Pontiac, (2) Dr. R. Alford, and (3) Corey Robinson. (Doc. 24). The Court has a duty "to supervise an *in forma pauperis* party's litigation to the end of preventing abuse of the court's process and the privileges granted him under § 1915, [an] authority [that] extends to screening an indigent party's requests for issuance and service of subpoena *duces tecum* on non-parties." *Jackson v. Brinker*, No. 91-471, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21,

1992). A Court may deny the issuance of a subpoena to a non-party if the subpoenaed materials would be frivolous, immaterial, unnecessary, or unduly burdensome. *Id.* at *7. Furthermore, an indigent plaintiff may not shift discovery costs to a non-party. *Westbrook v. M-R P'ship*, No. 07-140, 2008 WL 711866, at *2 (N.D. Ind. Mar. 14, 2008).

From Ms. Flammen, Plaintiff seeks incident reports about a sergeant who allegedly threatened him about filing grievances, a copy of a request he sent to Ms. Flammen "to get off mental health case load to help explain the history of the problems trying to exhaust," and the history of why he was given the generic form of Claritin. (Doc. 24 at p. 1). It is unclear why documents related to the grievance process are necessary. Defendants have not filed a motion for summary judgment on exhaustion, and the deadline expired on July 3, 2025. It is also unclear why information related to being prescribed the generic form of an allergy medication is relevant to his claims.

Plaintiff seeks an "affidavit/information" from Dr. Alford regarding an examination on September 10, 2024. *Id.* This information is likely included in Plaintiff's medical records. Plaintiff cannot use a subpoena to request an affidavit from Dr. Alford.

Plaintiff states that Mr. Robinson is "the superintendent of Pontiac operation at Illinois American Water." *Id.* at p. 2. Plaintiff requests a subpoena for Mr. Robinson to "explain the treatment, long & short term of drinking the water that's infected." *Id.* Plaintiff did not provide an address for Mr. Robinson. The Clerk cannot issue a subpoena without an address.

Plaintiff's Motion for Issuance of Subpoenas is DENIED, with leave to renew. If Plaintiff renews his motion, he must explain why the information he seeks is necessary to his claims, whether he sought the information from Defendants, and if he did, whether Defendants were unable to provide it.

**IT IS THEREFORE ORDERED:**

     1)    **Plaintiff's Motion to Enter a Default [23], Motion for Issuance of a Subpoena [24], Motion Pursuant to Rule 37 [26], and Motion Regarding Default [27] are DENIED.**

                                    Entered: July 30, 2025

                                    <u>s/Jonathan E. Hawley</u>
                                        U.S. District Judge