IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES A. LARRY,<br>         Plaintiff,<br><br>v.<br><br>MINDI NURSE, *et al.*,<br>         Defendants. | Case No. 1:25-cv-01005-JEH |

### Order

Plaintiff James Larry, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Pontiac Correctional Center ("Pontiac"). (Doc. 1). The Court conducted a merit review pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed on an Eighth Amendment conditions-of-confinement claim against Defendant Warden Mindi Nurse based on the allegedly contaminated drinking water at Pontiac and an Eighth Amendment claim against Defendant Nurse Jade Sullivan based on her alleged deliberate indifference to his medical conditions caused by the contaminated water. (Doc. 8).

Now before the Court are Plaintiff's Motion to Compel (Doc. 42), Motion for an Adverse Inference Instruction Relating to Spoliation (Doc. 51), Motion for Extension of Time to Complete Discovery (Doc. 54), Motion (Doc. 56), Motion to Compel (Doc. 58), and Motion for Appearance (Doc. 59).

### I

On November 25, 2025, Plaintiff filed a Motion to Compel asking the Court to order Defendants to provide a response to his discovery requests. Plaintiff asked Defendants to provide: (1) the legible full name of the Jane Doe nurse, who he saw

1

around October or November at the back of 6 gallery around 5:30 p.m.; (2) identify the Jane Doe nurse, who he saw on December 28, 2024; and (3) provide the names and locations of all inmates who lived on 7 gallery from cell 734 to 742 from October 1, 2024 to December 11, 2024. (Doc. 42).

On January 13, 2026, Defendants filed a Response stating that Plaintiff did not contact defense counsel to meet and confer before filing his Motion or attach his discovery requests to his Motion, as required by the Local Rules and the Court's Scheduling Order. (Doc. 53). Defendants state that after Plaintiff filed his Motion, defense counsel reviewed correspondence from Plaintiff and discovered it included discovery requests. Defense counsel did not initially recognize the correspondence included discovery requests because they did not include a heading or state they were addressed to Defendants. On December 11, 2025, defense counsel spoke with Plaintiff to discuss and clarify his discovery requests and asked the Illinois Department of Corrections ("IDOC") to provide responsive documents. After receiving the documents from the IDOC, Defendants responded to the discovery requests identified in Plaintiff's Motion on January 13, 2026. Therefore, the Court finds Plaintiff's Motion is now MOOT.

II

On January 6, 2026, Plaintiff filed a Motion for an Adverse Inference Instruction Relating to Spoliation asserting that "they" never gave him the laboratory record related to a urine sample obtained on November 19, 2025, while incarcerated at Lawrence Correctional Center ("Lawrence"), which purportedly reflects a finding of blood in his urine. (Doc. 51 at ¶ 3). Plaintiff states he was called out of his cell on December 18, 2025, to discuss and view his test results with a nurse at Lawrence, but Plaintiff asserts the test results he was shown could have been altered. *Id.* at ¶ 4.

On January 20, 2026, Defendants filed a Response asserting that Plaintiff's Motion is unripe because he never requested the laboratory records during discovery and has no basis to support that his lab results were altered. (Doc. 55).

Plaintiff's allegations regarding urinary tract infections and lab testing that occurred at Lawrence are unrelated to the claims in this case, which occurred at Pontiac. (Docs. 1, 8). There is no basis for an adverse inference instruction. Plaintiff's Motion is DENIED.

### III

On January 20, 2026, Plaintiff filed a Motion for Extension of Time to Complete Discovery stating that he needs additional time to review the signature of the Jane Does, amend the Complaint, and locate witnesses identified in Defendants' production of documents. (Doc. 54). Plaintiff does not specify how much additional time is needed to conduct discovery.

On February 3, 2026, Defendants filed a Response stating they have no objection. Defendants propose a 62-day extension, or until April 6, 2026, to complete discovery. (Doc. 57).

The Court finds Plaintiff has demonstrated good cause for an extension. Therefore, Plaintiff's Motion is GRANTED. The deadline to complete discovery is extended to April 6, 2026, and the deadline to file dispositive motions is extended to May 6, 2026.

### IV

On January 28, 2026, Plaintiff filed a "Motion" stating he was sent to the hospital for a CT scan of his intestines on January 23, 2026. Plaintiff states he had two surgeries and part of his intestines were removed. Plaintiff asks the Court to "grant [him] any relief that you deem appropriate behind medical malpractice, inducement, spoliation, and just out right bad conduct . . . ." (Doc. 56 at p. 6).

The allegations in Plaintiff's Motion regarding his surgeries and medical care at the hospital on January 23, 2026 are unrelated to the claims in this case. Therefore, Plaintiff's Motion is DENIED.

V

On February 5, 2026, Plaintiff filed a Motion to Compel asking the Court to order Defendants to provide a response to his discovery requests, which Plaintiff states were filed on February 2, 2026. (Doc. 58).

On February 19, 2026, Defendants filed a Response stating they have not received any discovery requests that were served on February 2, 2026. (Doc. 62). Defendants also state Plaintiff did not request to meet and confer with defense counsel before filing his Motion.

The record does not reflect any filing of discovery requests on or about February 2, 2026. To the extent that Plaintiff properly served discovery requests on February 2, 2026, only three days elapsed between service of his discovery requests and the filing of his Motion on February 5, 2026. Plaintiff did not attach his discovery requests to his Motion, as required by the Local Rules and this Court's Scheduling Order, which states that "[m]otions to compel discovery must be accompanied by the relevant portions of the discovery request and the response." (Doc. 18 at ¶ 20). Instead, it appears Plaintiff is using a Motion to Compel as a discovery request. Therefore, Plaintiff's Motion is DENIED.

VI

Plaintiff filed a Motion for Appearance asking the Court to "set a hearing to establish the record." (Doc. 59 at p. 1). Plaintiff states that inmate Roosevelt Jackson, Jr. is assisting him with this case because he has personal knowledge about the contaminated water at Pontiac and filed his own lawsuit.

It appears Mr. Jackson drafted the Motion on Plaintiff's behalf, as the Motion states: "Comes, now Plaintiff James Larry by and through his Legal Assistance

Roosevelt J. Jackson Jr. M48808 file this Motion to 'Appear' pursuant to Fed. R. Civ. P. rule 5 to protect James Larry rights under 1, 5, 6, 14 amendment which his legal assistance asks this Honorable Court to set a hearing to establish the record." *Id.* Mr. Jackson is not an attorney and is not permitted to submit motions on Plaintiff's behalf. The Court declines to set a hearing to "establish the record." *Id.* Plaintiff's Motion is DENIED.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion to Compel [42] is MOOT.**

2) **Plaintiff's Motion for an Adverse Inference Instruction Relating to Spoliation [51] is DENIED.**

3) **Plaintiff's Motion for Extension of Time to Complete Discovery [54] is GRANTED. The discovery deadline is RESET for April 6, 2026, and the dispositive motions deadline is RESET for May 6, 2026.**

4) **Plaintiff's Motion [56] is DENIED.**

5) **Plaintiff's Motion to Compel [58] is DENIED.**

6) **Plaintiff's Motion for Appearance [59] is DENIED.**

*It is so ordered.*

Entered: February 23, 2026

s/Jonathan E. Hawley
U.S. District Judge